## CLIFTON MFG. CO. v. UNITED STATES.
### No. 3510.

Circuit Court of Appeals, Fourth Circuit.

April 3, 1934.

W. A. Sutherland and Joseph B. Brennan, both of Atlanta, Ga. (Jones, Evins, Powers & Jones and Sutherland, Tuttle & Brennan, all of Atlanta, Ga., on the brief), for appellant.

J. Louis Monarch, Sp. Asst. to Atty. Gen. (Sewall Key, Sp. Asst. to Atty. Gen., and C. C. Wyche, U. S. Atty., of Spartanburg, S. C., on the brief), for the United States.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

Clifton Manufacturing Company, a corporation, brought an action in the District Court under section 24 (20) of the Judicial Code as amended by the Act of February 24, 1925, 43 Stat. 972, 28 USCA § 41 (20), for the refund of income and profit taxes assessed for the fiscal year ending March 31, 1918. For this fiscal year it filed a return on May 28, 1918, under the provisions of the Revenue Act of 1917 (40 Stat. 301), and subsequently paid the tax therein shown to be due. After the passage of the Revenue Act of 1918, approved February 24, 1919 (40 Stat. 1057), the taxpayer filed on April 29, 1919, an additional return for the same period, showing an additional tax, which was also paid. Subsequently, two additional assessments were made for the period involved, and paid under protest. The taxpayer's claim is that these assessments were made after the statute of limitations had barred the right of the Commissioner to make them, and the Commissioner's answer is that on June 25, 1923, the taxpayer executed the first of a series of waivers which prevented the running of the statute. This date was more than five years after the filing of the first return on May 28, 1918—but within five years of the filing of the second return on April 29, 1919.

It is conceded that the taxpayer's right to recovery in the case depends upon whether the period of limitations ran from the filing of the first or from the filing of the second income tax return; and that if the period ran from the filing of the second return, the taxpayer has no right of action against the United States. We are in accord with the conclusion stated in the opinion of Judge Watkins in the District Court, 3 F. Supp. 508, cited with approval in the opinions of the United States Circuit Court of Appeals for the Ninth Circuit in Zellerbach Paper Company v. Helvering, Commissioner, 69 F.(2d) 852, and National Paper Products Company v. Helvering, Commissioner, 69 F.(2d) 857, filed February 28, 1934, that the period of limitations began

to run from the filing of the second return, and the judgment of the District Court is therefore

Affirmed.